NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2184
_____

LETY MARIBEL PEREZ-MORALES; R.E.R.-P.; D.Y.R.-P.; D.C.R.-P.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
(A206-903-303, A206-903-305, A206-903-306 and A206-903-307)
Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2020

Before: HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*.

(Filed: April 2, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Lety Maribel Perez-Morales and her minor children, all natives and citizens of Guatemala, entered the United States through Brownsville, Texas, without admission or parole in March 2015. The same day of their entry, the Department of Homeland Security served them with notices to appear for regular removal proceedings. Those notices indicated that the removal proceedings would take place in Immigration Court in Philadelphia, Pennsylvania, "on a date to be set at a time to be set." AR 595, 670, 745, 820. In June 2015, the Immigration Court mailed Perez-Morales and her children the date and time for the hearing: July 16, 2015, at 8:30 a.m. Perez-Morales and her children were represented at that hearing – and all later hearings. At those hearings, they sought asylum, withholding of removal, and protection under the Convention Against Torture, all based on their experiences in Guatemala. After considering their case, the Immigration Judge (IJ) found them removable and ineligible for relief.

Perez-Morales and her children appealed that determination to the Board of Immigration Appeals (the BIA) on two grounds. They disputed the IJ's jurisdiction over the removal proceedings on the theory that the notices to appear were defective because those notices did not specify the date and time of the removal proceedings. Perez-Morales and her children also challenged the substance of the IJ's removal rulings. The BIA determined that the IJ had jurisdiction, and it affirmed the IJ's determination.

Perez-Morales and her children timely petitioned for review of the BIA's decision. Here, they raise only the jurisdictional challenge, which we have jurisdiction to review. *See* 8 U.S.C. § 1252(a). In exercising *de novo* review over that legal issue, *see Roye v.*

2

*Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012), we reject the jurisdictional challenge and will deny the petition.

This jurisdictional challenge is inspired by the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In that case, the Supreme Court held that a notice to appear without a date and time for the hearing does not stop the continuous ten-year period for cancellation of removal. *See id.* at 2110. Perez-Morales and her children argue that the holding in *Pereira* for the stop-time rule should apply to the jurisdiction of the Immigration Court so that a notice to appear without a date and time for the hearing would not bring the removal proceedings within the jurisdiction of that court.

This Circuit rejected that argument in *Nkomo v. Attorney General*, 930 F.3d 129 (3d Cir. 2019). But Perez-Morales and her children argue that *Nkomo*'s precedential rule is not absolute because the petitioner in *Nkomo* did not argue that the regulatory requirements for notices to appear were "inconsistent with the statute or otherwise invalid." *Id.* at 134. To avail themselves of that potential opening, Perez-Morales and her children now argue that the regulatory definition of "notice to appear" conflicts with the statutory definition.

No such tension exists. As explained in *Pereira*, the *statutory* stop-time rule, 8 U.S.C. § 1229b(d)(1)(A), depends on the *statutory* definition of a notice to appear, 8 U.S.C. § 1229(a). *Pereira*, 138 S. Ct. at 2114. The jurisdiction of the Immigration Court, however, is determined by *regulation*, 8 C.F.R. § 1003.14(a), and the document needed to trigger the jurisdiction of that court is likewise defined by *regulation*. *See* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests . . . when a charging document is filed with the

Immigration Court . . . ."); 8 C.F.R. § 1003.13 (defining "charging document" as a "written instrument which initiates a proceeding," including, among others, a notice to appear); 8 C.F.R. § 1003.15(b) (listing information that must be included in a notice to appear); 8 C.F.R. § 1003.18(b) (requiring a notice to appear to include time and date information "where practicable"). While the statutory requirements for notices to appear differ from the regulatory requirements, that does not bring them into conflict for purposes of the Immigration Court's jurisdiction. The statute defines the notice needed for the stop-time rule, but the regulations, which were promulgated under separate statutory authority,[1] specify the contents of a notice needed to trigger the Immigration Court's jurisdiction. Without a conflict between statute and regulation about the notice needed for the Immigration Court's jurisdiction, the holding in *Nkomo* controls, and we will deny the petition for review.

---

[1] *See* Executive Office for Immigration Review; Rules of Procedures, 57 Fed. Reg. 11568 (Apr. 6, 1992) (codified in part at 8 C.F.R. Part 3) (promulgating 8 C.F.R. §§ 3.13, 3.14, and 3.15 under the authorities of 5 U.S.C. § 301, 8 U.S.C. § 1103, and others, *but not* 8 U.S.C. § 1229); Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312 (Mar. 6, 1997) (codified in part at 8 C.F.R. Part 3) (promulgating 8 C.F.R. § 3.18 under the authorities of 5 U.S.C. § 301, 8 U.S.C. § 1103, and others, *but not* 8 U.S.C. § 1229); *see also* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824 (Feb. 28, 2003) (codified in part at 8 C.F.R. Parts 3 and 1003) (re-designating 8 C.F.R. §§ 3.13, 3.14, 3.15, and 3.18 as §§ 1003.13, 1003.14, 1003.15, and 1003.18, respectively).